UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2016

LETTER TO COUNSEL

      RE:    *Angela Pugh v. Commissioner, Social Security Administration*;
              Civil No. SAG-15-3365

Dear Counsel:

      On November 4, 2015, Plaintiff Angela Pugh petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Pugh filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging a disability onset date of June 1, 2010. (Tr. 96-99)[1]. Her claims were denied initially and on reconsideration. (Tr. 40-44, 47-48). A hearing was held on July 3, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 252-71). Following the hearing, the ALJ determined that Ms. Pugh was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-26). The Appeals Council denied Ms. Pugh's request for review, (Tr. 5-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Pugh suffered from the severe impairments of "depression with psychotic behavior, bipolar disorder, obesity." (Tr. 18). Despite these impairments, the ALJ determined that Ms. Pugh retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant requires 10 minutes of rest every two hours. Ms. Pugh is limited to simple, routine tasks with no more than occasional interaction with peers, the general public, and supervisors. There must be no negotiation of ladders, ropes, or scaffolding, but Ms. Pugh can crawl, crouch, bend, and stoop on an occasional

---

[1] I note that the original records pertaining to Ms. Pugh's claim for SSI, including her application and the State's determination, were not included in the paper transcript.

*Angela Pugh v. Commissioner, Social Security Administration*
Civil No. SAG-15-3365
September 21, 2016

>basis. Furthermore, she would be off task 8% of the time and miss 10 days of work per year.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Pugh could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 24-25).

Ms. Pugh raises three primary arguments on appeal: (1) that the ALJ erroneously assessed her RFC; (2) that the ALJ erroneously evaluated her subjective complaints; and (3) that the ALJ failed to evaluate pertinent evidence proffered by the State agency physician. I conclude that the ALJ erroneously assessed Ms. Pugh's RFC. Remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Pugh is not disabled is correct or incorrect.

First, Ms. Pugh correctly contends that the ALJ erroneously assessed her RFC. Pl. Mem. at 5-8. Specifically, she contends that the ALJ failed to "set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id*. at 6. Although Ms. Pugh concedes that the ALJ "recite[d] a summary of both the Plaintiff's testimony and the medical evidence," she argues that "he did not explain the genesis of the restrictions contained within [the RFC]." *Id*. Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000).

Here, the ALJ failed to provide "an accurate and logical bridge" between Ms. Pugh's limitations and the ALJ's RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that "she would be off task 8% of the time and miss 10 days of work per year." (Tr. 20). The ALJ, however, provided no support for this conclusion. Indeed, no mention of Ms. Pugh's task performance or attendance is made in Ms. Pugh's testimony, (Tr. 252-64), the VE's testimony (Tr. 264-71), or Ms. Pugh's medical records, including her Function Reports, (Tr. 150-57, 172-79), medical treatment notes, (Tr. 190-209), and medical progress records, (Tr. 212-250). *See* (Tr. 20-24). Although the State consultative physician noted that "[Ms. Pugh] has difficulty with task persistence due to mood symptoms," (Tr. 241), the ALJ failed to explain how such a finding translates into the RFC's corresponding task persistence limitation. Similarly, although the State physician also found that Ms. Pugh was "moderately limited" in her ability to "complete a normal work-day and workweek without interruptions," (Tr. 240), the ALJ failed to explain how such a finding translates into a finding that she would be "off task 8% of the time." An explanation of how that percentage was calculated is significant, since a relatively small increase could preclude competitive employment. *See Schlossnagle v. Colvin*, 2016 WL 4077672, at *4 (August 1, 2016) (holding that "being off task more than 10% of the time during an eight-hour workday would preclude all competitive employment."). Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Ms. Pugh's difficulties in staying on task and attending work, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for

*Angela Pugh v. Commissioner, Social Security Administration*
Civil No. SAG-15-3365
September 21, 2016

further analysis. On remand, the ALJ should consider the impact of Ms. Pugh's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence.

Turning to Plaintiff's unsuccessful arguments, Ms. Pugh next contends that the ALJ failed to properly evaluate her credibility. Specifically, she contends that the ALJ "failed to explain how he decided which of [Ms. Pugh's] statements to believe, and which to discredit." Pl. Mem. at 11. After a thorough review of Ms. Pugh's testimony and the objective medical evidence, the ALJ noted that the record supported her "credible allegations of traumatic childhood events, and consistent treatment for anxiety and depression," but otherwise did "not support the severity of restrictions that [she] has alleged." (Tr. 23). For example, as noted above, the ALJ found that Ms. Pugh's "symptoms were treated on an entirely conservative, routine, and outpatient basis," and that, "[i]n spite of her reported subjective complaints and medication side effects, the record reflect[ed] that Ms. Pugh retain[ed] the capacity to" perform numerous daily tasks and responsibilities. (Tr. 23). Moreover, the ALJ also noted inconsistencies in Ms. Pugh's testimony, including the fact that she reported that she "does not keep doctor's appointments," but noted in her Function Reports that she "retain[ed] the capacity to…maintain [them]." (Tr. 22, 150-57, 172-79). Likewise, the ALJ provided a thorough review of the medical evidence, which generally reflected fewer limitations than those alleged by Ms. Pugh. Thus, contrary to Ms. Pugh's argument, the ALJ properly evaluated Ms. Pugh's credibility, and supported his findings with substantial evidence.

Finally, Ms. Pugh argues that the ALJ failed to evaluate pertinent evidence proffered by the State agency physician. Specifically, she contends that the ALJ failed to consider evidence that "[Ms. Pugh] tends to become easily angered and frustrated with any type of stress, and determined that [Ms. Pugh] required simple work in a non-stressful setting." Pl. Mem. at 8 (internal citations omitted). Ms. Pugh does not support that argument with any objective evidence or even any suggestion of the type of restrictions that, in her view, should have been included in the RFC assessment. Ultimately, there is no requirement that every severe impairment correlate with a particular restriction in the RFC assessment. *See Carrier v. Astrue*, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013). Moreover, in this case, the general restrictions to light work and limited contact with others adequately address stress issues reflected in the medical records. Consequently, Mr. Pugh's assertion that the ALJ erred by failing to properly evaluate pertinent evidence is without merit.

For the reasons set forth herein, Ms. Pugh's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Angela Pugh v. Commissioner, Social Security Administration*
Civil No. SAG-15-3365
September 21, 2016

    Sincerely yours,

    /s/

Stephanie A. Gallagher
United States Magistrate Judge